IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE CAULFIELD, | ) | CASE NO. 1:17 CV 1679 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Michele Marie Caulfield under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties

---

[1] ECF No. 11. The parties have consented to my exercise of jurisdiction.

[2] ECF No. 1.

[3] ECF No. 8.

[4] ECF No. 9.

[5] ECF No. 5.

[6] ECF No. 10.

have briefed their positions[7] and filed supplemental charts.[8] They have participated in a telephonic oral argument.[9]

## Facts

**A.   Background facts and decision of the Administrative Law Judge ("ALJ")**

The ALJ, whose decision became the final decision of the Commissioner, found that Caulfield had the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy; degenerative disc disease of the lumbar spine; and arthrosis of the left shoulder.[10]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ found Caulfield capable of light work with some limitations regarding sitting, standing, walking, and reaching overhead with both upper extremities.[11] The ALJ decided that this residual functional capacity ("RFC") precluded Caulfield from performing her past relevant work as a fabricator/assembler of metal products.[12]

---

[7] ECF No. 23 (Commissioner's brief); ECF No. 18 (Caulfield's brief).

[8] ECF No. 23, Attachment 1 (Commissioner's charts); ECF No. 19 (Caulfield's charts). Caulfield did not file the required fact sheet.

[9] ECF No. 25.

[10] ECF No. 9, Transcript ("Tr.") at 13.

[11] *Id.* at 15.

[12] *Id.* at 18.

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Caulfield could perform.[13] The ALJ, therefore, found Caulfield not under a disability.[14]

**B.     Issues on judicial review**

Caulfield asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Caulfield presents the following issue for judicial review:

- Whether the ALJ erred in finding the plaintiff not disabled at Step Five of the sequential evaluation.[15]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

## Analysis

**A.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42

---

[13] *Id.* at 19.

[14] *Id.* at 20.

[15] ECF No. 18 at 1.

U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[16]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[17] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[18]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.  Application of applicable law**

The limitations in the RFC can be divided into two categories: postural and exertional. Three sources opined as to Caulfield's postural and exertional limitations: Daniel Schafer, D.C. – who is not an "acceptable" medical source under the regulations; state agency

---

[16] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[17] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[18] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

reviewing physician Elizabeth Das, M.D.; and state agency reviewing physician Lynne Torello, M.D. I will first consider the support for the exertional limitations included in the RFC, and then will turn to the support for the postural limitations included in the RFC.

## 1. *Exertional limitations*

Dr. Schafer opined that Caulfield could: lift 10 pounds occasionally and less than 10 pounds frequently; walk three to four blocks without rest or severe pain; sit for 30 minutes at a time and for two total hours out of an eight hour work day; and walk for one hour at a time and for two total hours out of an eight hour work day.[19] Dr. Das opined that Caulfield could: lift and carry 20 pounds occasionally and 10 pounds frequently; sit for six hours out of an eight hour work day; and walk or stand for six hours out of an eight hour work day.[20] On reconsideration, Dr. Torello agreed with Dr. Das's opinion except that she limited Caulfield to lifting and carrying 10 pounds occasionally and less than 10 pounds frequently.[21]

The ALJ found Caulfield capable of lifting 20 pounds occasionally and 10 pounds frequently, which is consistent with Dr. Das's opinion.[22] The RFC restrictions as to standing and sitting generally are consistent with the state agency sources, except that the ALJ reduced Caulfield's capability to sit and stand to four hours from the six hours the reviewing

---

[19] Tr. at 739-42.

[20] *Id.* at 145-47.

[21] *Id.* at 159-60.

[22] *Id.* at 15.

sources opined.[23] The ALJ evaluated, analyzed, and weighed Dr. Schafer's opinion.[24] He discussed Dr. Schafer's treatment notes and noted that Caulfield showed improvement during her treatment with Dr. Schafer.[25] The ALJ considered all the evidence regarding Caulfield's exertional limitations and ultimately adopted Dr. Das's limitations regarding lifting and carrying restrictions.[26]

It is not for the Court to reweigh the evidence. Substantial evidence supports the ALJ's exertional limitations and so his findings as to Caulfield's ability to lift and carry are affirmed.

## 2. *Postural limitations*

Regarding Caulfield's postural limitations, Dr. Schafer opined that Caulfield could never twist, stoop, crouch, squat, or climb ladders.[27] She could rarely climb stairs.[28] He also found Caulfield to have "significant limitations with reaching, handling[,] or fingering" because of weakness in her hands and a loss of dexterity because of her "cervical disc condition."[29] Dr. Das opined that Caulfield could occasionally balance, stoop, crouch, crawl,

---

[23] *Id.*

[24] *Id.* at 16-17.

[25] *Id.* at 17.

[26] *Id.* at 15-18.

[27] *Id.* at 741.

[28] *Id.*

[29] *Id.*

and climb ramps and stairs.[30] She could never climb ladders, ropes, or scaffolds.[31] Dr. Das found Caulfield limited to only occasional overhead reach with both upper extremities because of the decreased range of motion in her neck.[32] Dr. Torello concurred with Dr. Das as to Caulfield's postural limitations on reconsideration.[33]

The ALJ, however, found Caulfield capable of constantly balancing and reaching overhead with her right upper extremity.[34] She could occasionally reach overhead with her left upper extremity.[35] He also determined she could frequently stoop and crouch.[36] In so finding, the ALJ improperly set aside three opinions regarding Caulfield's postural limitations in order to substitute his own.[37] This error requires remand, especially where, as

---

[30] *Id.* at 146.

[31] *Id.*

[32] *Id.* at 146-47.

[33] *Id.* at 160.

[34] *Id.* at 15.

[35] *Id.*

[36] *Id.*

[37] *Maldonado v. Comm'r of Soc. Sec.*, No. 3:12-cv-205, 2013 WL 2243933, at *7 (S.D. Ohio May 21, 2013) ("By summarily disregarding the opinions of Drs. Genardi, Halmi, and Boerger – and thereby basing her findings upon *no* medical opinion of record – the ALJ improperly substituted her lay opinion for that of a Medical Expert who would be qualified to make such a medical determination."), *report and recommendation adopted by* 2013 WL 5424775 (S.D. Ohio Sept. 26, 2013); *Beck v. Comm'r of Soc. Sec.*, No. 1:10-cv-398, 2011 WL 3584468, at *14 (S.D. Ohio June 9, 2011) ("While the ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, the ALJ cannot substitute his 'medical' opinion for that of a treating or examining doctor.") (citations omitted), *report and recommendation adopted by* 2011 WL 3566009 (S.D. Ohio

here, the VE testified that a limitation of occasional reaching would result in no available jobs.[38]

## Conclusion

While substantial evidence supports the ALJ's findings as to Caulfield's exertional limitations, the ALJ's findings as to Caulfield's postural limitations lack substantial evidence. Accordingly, the Commissioner's decision denying Caulfield disability insurance benefits is affirmed in part and reversed and remanded in part. On remand, the ALJ should properly analyze and consider the postural limitations in the record with the assistance of the opinion of a medical expert, if appropriate.

IT IS SO ORDERED.

Dated: August 21, 2018              s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

---

Aug. 12, 2011).

[38] Tr. at 43-44.